## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA      *

                           *

                           *

        v.                   *          Civil No. – JFM-12-1325

                           *

MARTIN JONES           *

                         ******

## MEMORANDUM

The United States has brought this action to revoke defendant's naturalization, which was conferred upon defendant in 1992.  Defendant did not respond to the complaint on a timely basis and has admitted the facts alleged in the complaint.  Therefore, the United States filed a motion for summary judgment.  In his opposition to the motion, defendant has presented additional facts that he alleges prevent the United States from depriving him of his naturalization.  The United States' motion for summary judgment will be granted.

It is undisputed that defendant was not entitled to be naturalized when he obtained naturalization in 1992.  Prior to that time he had been convicted of two controlled substance offenses.  This alone disqualified him from naturalization.  *See* 8 U.S.C. §1101(f)(3); 1182(a)(2)(A)(i)(II).  Moreover, in his naturalization interview, he gave false testimony concerning his criminal past.  This too disqualified him from being naturalized.  See 8 U.S.C. §1101(f)(6).

Defendant alleges that when he was convicted unnamed INS officials advised him (in return for cooperation that he allegedly was giving to the United States in a widespread drug conspiracy investigation) that no action would be taken affecting his immigration status.  The plea letter that was entered into by defendant, however, was silent as to defendant's immigration

1

status and, insofar as the United States was concerned, was binding only upon the United States

Attorney for the District of Columbia.  Further, assuming that defendant did have the agreement

he claims with the United States, that agreement did not entitle him to obtain naturalization

status.  Thus, assuming that *United States v. Arango*, 670 F.3d 988 (9th Cir. 2012) - upon which

defendant relies - was properly decided, it is not applicable here.

It does appear somewhat strange that the United States is not seeking to denaturalize

defendant until twenty years after he was naturalized.  That, however, may be due to the fact that

defendant has used aliases from time-to-time.  In any event, bureaucratic delay does not provide

a basis for conferring naturalization status to a defendant to which he is otherwise not entitled.

A separate order granting the United States' motion for summary judgment is being

entered herewith.


Date:   December 20, 2012            _____/s/_____
                                    J. Frederick Motz
                                    United States District Judge